IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THELMA WILLIAMS
ADC #93197                                                                                                    PLAINTIFF

V.                              NO: 5:07CV00179 JMM/HDY

CAROLYN J. BENNETT *et al.*                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the

1

    hearing before the Magistrate Judge.

  3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **DISPOSITION**

  Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on July 13, 2007, alleging that Defendants refuse to process his grievances. For the reasons set forth below, Plaintiff's complaint should be dismissed.

### **I. Screening**

  Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims

that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's claims

Plaintiff's sole complaint is that Defendants refused to process his resolutions or grievances. However, even if true, such actions do not amount to a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). To the extent that Plaintiff is attempting to assert a constitutional claim for Defendants' failure to follow the grievance procedure, his claim must also fail, because such a failure is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

It is true that the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before bringing a lawsuit. However, if, in another case, Defendants move to dismiss his complaint due to his failure to exhaust his administrative remedies, Plaintiff may raise the prison officials' refusal to process his grievances as grounds to deny such a motion. Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___17___ day of July, 2007.

*/s/ H. Daniel Young*
_____
UNITED STATES MAGISTRATE JUDGE